**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

U.S. BANCORP EQUIPMENT
FINANCE, INC.                                                                                          **PLAINTIFF**

vs.                                                                        Civil Action No. 3:05-cv-779-HTW-LRA

JAMES R. MOAK                                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

I.  Introduction

Before this court is plaintiff U.S. Bancorp Equipment Finance, Inc.'s ("U.S. Bancorp") supplemental motion for pre-judgment interest, attorney's fees, and post-judgment interest. Plaintiff relies upon Federal Rule of Civil Procedure 55(b)(2)[1] as authority for this submittance.

II.  Background Facts and Procedural History

U.S. Bancorp filed the instant action on December 21, 2005, seeking to recover a deficiency of $70,681.67 from the defendant James R. Moak ("Moak"). Moak leased from the plaintiff several trailers which were to be used in the business of Moak Trucking, Inc. Further, Moak agreed to serve as guarantor for payments under the lease agreement and its supplements. The parties' guaranty agreement includes a

---

[1] Fed. R. Civ. P. 55(b)(2) provides, in pertinent part, that "in all other cases, the party must apply for a default judgment. [...] If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

general choice of law provision by which U.S. Bancorp and Moak agreed that Minnesota law would apply to any disputes arising out of the lease or guaranty contracts.

The defendant failed to respond to U.S. Bancorp's complaint. On May 10, 2006, U.S. Bancorp issued to the defendant an alias summons. Still, Moak failed to respond. On December 15, 2006, U.S. Bancorp obtained a default from the Clerk of Court. On January 7, 2008, this court granted the plaintiff's Rule 55(b)(2) motion for default judgment as to the amount of deficiency, $70,681.67, and awarded the plaintiff costs in the sum of $250.00. The court, nonetheless, denied U.S. Bancorp's request for pre-judgment interest in the amount of $6,382 and attorneys fees in the amount of $23,558.33. In its supplemental motion for pre-judgment interest, attorney's fees, and post-judgment interest, U.S. Bancorp now asserts it is entitled to a pre-judgment interest award of $11,989.26; reasonable attorney's fees in the sum of $23,558.33; and a post-judgment interest award, computed daily from January 4, 2008 to the date of final payment, at the rate of 3.42% *per annum*, compounding annually.

### III. Analysis

#### A. The Plaintiff's Motion for Pre-judgment Interest

U.S. Bancorp asks this court for an award of pre-judgment interest to be assessed from November 21, 2005, to January 4, 2008. Further, U.S. Bancorp argues that this court should apply an 8% legal rate of interest as provided by MISS. CODE ANN. § 75-17-1 (2008)[2] to calculate the proper pre-judgment interest amount to be awarded

---

[2] MISS. CODE ANN. § 75-17-1 (2008) provides that "the legal rate of interest on all notes, accounts, and contracts shall be eight percent (8%) per annum, calculated

the plaintiff.  According to U.S. Bancorp's calculations, the plaintiff is entitled to a pre-judgment interest award in the sum of $11,989.26.[3]

The State of Minnesota permits pre-verdict, pre-award, or pre-judgment interest at a rate equal to the weekly average yield for secondary market, 1-year United States Treasury bills, a rate which is currently 2.13%. *See* MINN. STAT. ANN. § 549.09(b) (2007).[4]  Citing *Zaretsky v. Molecular Biosystems, Inc.*, 464 N.W.2d 546, 550-551 (Minn. App. 1990), U.S. Bancorp argues, nonetheless, that regardless of the choice of law provision in the subject guaranty and lease agreements in this lawsuit, this court should apply the law of the *forum* state--Mississippi--to determine the applicable rate of pre-judgment interest.  Therefore, says the plaintiff, U.S. Bancorp should receive the 8% legal rate of interest authorized by Mississippi law rather than the 2.13% rate permitted by MINN. STAT. ANN. § 549.09(b).

"A federal court sitting in diversity follows the choice of law rules of the state in which it sits." *Sorrels Steel Co. v. Great Southwest Corp.*, 906 F.2d 158, 167 (5th Cir.

---

according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law.

[3] According to U.S. Bancorp's calculations, 8% interest applied to $70,861.67 creates a *per diem* of $15.49.  The plaintiff also asserts that the pre-judgment interest period totaled 774 days.  Thus, says U.S. Bancorp, $15.49 per day for 774 days entitles the plaintiff to a pre-judgment interest award of $11,989.26.

[4] MINN. STAT. ANN. § 549.09(b) (2007) states, in pertinent part, that "preverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in paragraph (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first[.]" Section 549.09(c) further provides, in relevant part, that "the interest shall be computed as simple interest per annum.  The rate of interest shall be based on the secondary market yield of one year United States Treasury bills, calculated on a bank discount basis[.]"

1990) (citing *FMC Fin Corp. v. Murphee*, 632 F.2d 413, 418 (5th Cir. 1980)). "While there is little Mississippi authority on the proper choice of law for pre-judgment interest, the Mississippi Supreme Court has cited with approval the Restatement (Second) of Conflicts of Laws (1971)." *See, e.g., Boardman v. United Serv. Auto. Assoc.*, 470 So.2d 1024, 1032-34 (Miss. 1985). Section 187(1) of the Restatement provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue [i.e., pre-judgment interest] is one which the parties could have resolved by an explicit provision in the agreement directed to that issue.

Restatement (Second) of Conflicts of Laws § 187(1) (1971).

"Under Mississippi law, parties may legitimately control the choice of substantive law in a contract dispute as long as the state law selected bears a reasonable relation to the transaction." *Sorrels Steel Co.*, 906 F.2d at 167. "This choice includes the issue of pre-judgment interest." *Id*. at 167-68. Thus, "under Mississippi choice of law principles, a choice of law provision in a contract will govern the issue of pre-judgment interest, provided the state law selected bears a reasonable relation to the object of the contract." *Id*. at 168.

The subject guaranty and lease agreement state that Minnesota law will govern any dispute that might arise out of these contracts. Minnesota law bears a reasonable relationship to the object of the contract because Firstar Bank, N.A., the company that originally leased the trucks to Moak, was located in Minnesota. Therefore, the parties choice of law provision must be given its intended effect. Minnesota law governs the contractual relationship of the parties, including the issue of pre-judgment interest. As such, this court finds that U.S. Bancorp is entitled to the 2.13% interest rate provided by

MINN. STAT. ANN. § 549.09(b).  Further, in compliance with Section 549.09(b), the time period for the pre-judgment interest computation must begin on December 21, 2005, the date the plaintiff commenced this lawsuit.  Thus, this court awards the plaintiff pre-judgment interest of $3,119.59.[5]

### B.  The Plaintiff's Motion for Attorney Fees

The lease agreement involved in this lawsuit expressly permits U.S. Bancorp to recover reasonable attorney fees that result from default.  U.S. Bancorp seeks an award of attorney fees in the amount of $23,558.33, an amount representing one-third of the total deficiency.  Minnesota courts will enforce a contract provision for the payment of attorney fees as long as the moving party demonstrates to the court that the fees requested are reasonable. *See O'Donnell v. McGee Trucks, Inc.*, 199 N.W.2d. 432, 434-35 (Minn. 1972) ("In cases involving the awarding of reasonable attorneys' fees, we do not deem it to be unduly burdensome on attorneys to require them to present probative evidence to the trial court to assist in setting the amount of the fees").  U.S. Bancorp has submitted to the court a number of invoices that detail both the legal services performed on behalf of the plaintiff and the associated costs of those services.  The court finds that U.S. Bancorp has sufficiently proven its claim for $23,558.33 in attorney fees is reasonable.

### C.  The Plaintiff's Motion for Post-Judgment Interest

U.S. Bancorp also requests this court to grant its motion for post-judgment

---

[5] The court computes a prejudgment interest *per diem* of $4.193 according to the following calculation: [2.13% x (1 / 360) x $70,861.67].  The court then multiplied the $4.193 *per diem* amount by 744, the total number of days which elapsed during the pre-judgment interest period.

interest. The federal post-judgment interest rate is governed by Title 28 U.S.C. § 1961. Section 1961 states, in pertinent part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court […] Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment […] (b) Interest shall be computed daily to the date of payment […], and shall be compounded annually.

Title 28 U.S.C. § 1961. The weekly average 1-year constant maturity Treasury yield, for the calendar week ending December 28, 2007 was 3.42%. Thus, the court awards U.S. Bancorp post-judgment interest at the rate of 3.42% *per annum*, compounding annually, from January 4, 2008, the date of the entry of judgment against Moak, until the date of full payment of the judgment amount.

## IV.  Conclusion

The court concludes that plaintiff U.S. Bancorp is entitled to pre-judgment interest in the amount of $3,119.59; reasonable attorneys fees in the amount of $23,558.33; and post-judgment interest at a rate of 3.42% *per annum*, compounding annually.

**SO ORDERED AND ADJUDGED**, this the 23rd day of July, 2008.

                            **s/ HENRY T. WINGATE**
                            **CHIEF UNITED STATES DISTRICT JUDGE**


CIVIL ACTION NO. 3:05-cv-779-HTW-LRA
Order